```
                IN THE UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF ARKANSAS
                         HOT SPRINGS DIVISION
```

RANDY W. GILLERT                                           PLAINTIFF

    v.                           Civ. No. 08-6080

U.S. DEPARTMENT OF EDUCATION                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

    Plaintiff Randy W. Gillert, filed his complaint on January 25, 2008, against Experian Information Solutions, Inc.,[1] ("Experian") and the U.S. Department of Education (the "United States"). Currently before the Court are the United States's Motion for Summary Judgment (doc. 30) and supporting documents (docs. 31-32), Plaintiff's Response (docs. 42-43) and United States's Reply (docs. 48-50). Also before the Court are Plaintiff's Motion to Strike the Declaration of Delfin M. Reyes (docs. 40), United States's Response (docs. 44-45), and Plaintiff's Reply (doc. 54). For the reasons set out below, the United States's Motion (doc. 30) is **GRANTED** and Plaintiff's claims are dismissed with prejudice. The Motion to Strike the Declaration of Delfin M. Reyes (doc. 40) is **DENIED** as moot.

## I.   Background

    Plaintiff's complaint alleges that the United States violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*,

---

[1] An order of dismissal as to Experian Information Solutions, Inc., was filed on May 3, 2010 (doc. 58).

by reporting derogatory and inaccurate information about Plaintiff's credit history and failing to take remedial action after Plaintiff disputed the accuracy of the information. Specifically, Plaintiff alleges that the United States reported Plaintiff's account as having payments pass due during a period which Plaintiff contends he was granted a forbearance on repayment.

Plaintiff alleges forbearance was granted in November 2006, which continued through May 2008.  In 2007, however, Plaintiff's credit report reflected late payments.  Plaintiff alleges he disputed the accuracy of the manner in which the United States reported the delinquency of his account. Plaintiff also alleges the United States agreed to update his account to reflect the forbearance but this was never done.

## II.  Standards

The United States's motion for judgment on the pleadings is titled a Motion for Summary Judgment (doc. 30), however, its principle argument is for dismissal of Plaintiff's complaint for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(c).  The United States's motion alternatively argues for dismissal for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), and for summary judgment, see Fed. R. Civ. P. 56(a). "[I]f a party raises an issue as to the court's subject matter jurisdiction on a motion for judgment on the pleadings, the district judge will treat the motion as if it had been brought

under Rule 12(b)(1)." *Rutenschroer v. Starr Seigle Commc'ns, Inc.*, 484 F. Supp.2d 1144, 1148 (D. Hawai'i 2006)(quoting 5C Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1367 (3d ed. 2004)); see *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008)(*citing Osborn v. United States*, 918 F.2d 724, 728-30 (8th Cir. 1990))(holding "[m]otions to dismiss for lack of subject-matter jurisdiction can be decided . . . at the pleading stage, like a Rule 12(b)(6) motion"). Accordingly, the Court will decide the United States's motion to dismiss for lack of subject matter jurisdiction as if brought under Rule 12(b)(1). *See Harris v. Oliver*, 2007 WL 1456212 n.1 (D. Neb. 2007)(discussing the uncertainty as to whether the defense of sovereign immunity raises a jurisdictional issue as a 12(b)(1) or 12(b)(6) motion)(citations omitted). As the Court concludes it lacks subject matter jurisdiction over Plaintiff's claims, there is no need to address the alternative arguments.

Rule 12(b)(1) allows the Court to dismiss any and all claims over which, either on their face or in light of outside evidence, it lacks proper subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Two types of subject matter jurisdiction challenge exist under Rule 12(b)(1): "facial attacks" and "factual attacks". *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn*, 918 F.2d at 729 (8th Cir. 1990). Facial attacks challenges subject matter jurisdiction based solely on the allegations appearing on

the face of the complaint.  A factual attack is dependent upon the resolution of facts in order to determine whether subject matter jurisdiction exists.  *Osborn*, 918 F.2d at 729 (8th Cir. 1990).

If a motion makes a facial attack, the court must afford the non-moving party the same protections as it would be entitled to receive under Rule 12(b)(6).  *Id.* at 729.  On the other hand, if the motion makes a factual attack, the court may rely upon matters outside the pleadings when considering such attack, and the non-moving party does not receive the benefits of Rule 12(b)(6)'s safeguards.  *Id.*

Claims of sovereign immunity are properly raised in a motion to dismiss for lack of subject-matter jurisdiction.  *Hagen v. Sisseton-Wahpeton Comty. College*, 205 F.3d 1040, 1043 (8th Cir. 2000); *Brown v. U.S.*, 151 F.3d 800; 803-04 (8th Cir. 1998).  On such a motion, the party claiming jurisdiction has the burden of proving subject matter jurisdiction by a preponderance of the evidence.  *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007).

The United States contends the Court is without proper subject matter jurisdiction based upon sovereign immunity.  Plaintiff suggests the FCRA waives sovereign immunity.  The Court construes the United States's motion as a factual attack on Plaintiff's complaint.  Accordingly, the Court will look outside the pleadings to determine whether subject matter jurisdiction exists over

Plaintiff's claims.

### III.  Discussion

The United States contends this Court lacks subject matter jurisdiction to hear Plaintiff's claims because the federal government has not waived sovereign immunity, and therefore, it is protected against private civil liability arising from violations of the FCRA.  Plaintiff argues that the FRCA unambiguously waives the United States's sovereign immunity because the definition of "person" in the FCRA's private civil enforcement provision includes the terms "government or governmental subdivision or agency[.]"

It is a well-settled principle that the federal government, as sovereign, is immune from suit.  *U.S. v. Dalm*, 494 U.S. 596, 608 (1990).  A suit against the Department of Education, an agency of the federal government, is a suit against the United States; therefore, sovereign immunity is guaranteed the same.  *See Dugan v. Rank*, 372 U.S. 609, 620 (1963) (holding that where the judgment would be borne by the public treasury, the suit is against the sovereign).

Sovereign immunity protects the federal government from suit except where Congress has "unequivocally expressed" a waiver of immunity.  *U.S. v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *U.S. v. Hall*, 269 F.3d 940, 942 (8th Cir. 2001)(*citing Lane v. Pena*, 518 U.S. 187, 197 (1996)("where a cause of action is authorized against the federal government, the available remedies

are not those that are 'appropriate,' but only those for which sovereign immunity has been expressly waived.") "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980)(*quoting U.S. v. King*, 395 U.S. 1, 4 (1969)).  A waiver of sovereign immunity is to be narrowly construed in favor of the federal government, and any ambiguities resolved in the federal government's favor. *Lehman v. Nakshian,* 453 U.S. 156, 161 (1981)(citations omitted); *Rutten v. U.S.*, 299 F.3d 993, 995 (8th Cir. 2002)(*citing Nordic Village,* 503 U.S. at 34 (1992)).

Section 1681o(a) of the FCRA provides "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer[.]"   15 U.S.C. §1681o(a).   Section 1681a(a) defines "person" to "mean[] any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity."  15 U.S.C. §1681a(a).

Plaintiff's argument that the FCRA waives sovereign immunity by including in the definition of "persons", the terms "government or governmental subdivision" is unconvincing. *See e.g., Ralph v. U.S. Air Force MGIB*, 2007 WL 3232593 *3 (D. Colo. Oct. 31, 2007)(holding "the United States has not consented to suit under [the FCRA]"); *Bormes v. U.S.*, 638 F. Supp.2d 958, 962 (N.D. Ill. 2009)(holding that the FCRA's inclusion of the generic term

"government" does not effectively waive the United States's sovereign immunity); *but see Talley v. U.S. Dept. of Agric.*, Slip Copy, 2009 WL 303134 (N.D. Ill. 2009)(holding "the term government or governmental subdivision or agency" in the FCRA is an express waiver of the United States'[s] sovereign immunity."), *aff'd*, 595 F.3d 754 (7th Cir. 2010), *rehearing en banc granted, opinion vacated* (7th Cir. Jun 10, 2010) (No. 09-2123).

Even if Congress may have intended for the FCRA to waive the United States's sovereign immunity, the Court cannot find the provisions cited by Plaintiff sufficiently meet the requirements of an unequivocal expression of waiver. *Rutten*, 299 F.3d at 995 (8th Cir. 2002). Plaintiff argues, among other things, that the longstanding rules of statutory interpretation demonstrate Congress's clear and unambiguous intent to subject the United States to liability under the FCRA. Waiver of sovereign immunity, cannot be implied from the interpretation of Congress's intent. *See Lane*, 518 U.S. at 192 (1996). It must be done clearly and expressly through statutory text. *Id.* Plaintiff has not cited to any provision in the FCRA that expressly waives the federal government's sovereign immunity. Plaintiff's other arguments similarly do not remedy the FCRA's deficiency of an express waiver.

The Court finds the FCRA does not contain an unequivocal and express waiver of sovereign immunity. Accordingly, the Court is without proper subject-matter jurisdiction, and dismissal is

proper.

**IV. Conclusion**

For the reasons set out above, the United States's Motion (doc. 30) is **GRANTED,** and Plaintiff's complaint (doc. 1) is **DISMISSED WITH PREJUDICE** as to the U.S. Department of Education. Further, Plaintiff's Motion to Strike the Declaration of Delfin M. Reyes (doc. 40) is **DENIED** as moot.

IT IS SO ORDERED this 7th day of September, 2010.

*/s/ Robert T. Dawson*
Honorable Robert T. Dawson
United States District Judge
